UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ABRAHAM  CAMPOS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-147 |
| | § | |
| BEEVILLE POLICE DEPARTMENT, *et* | § | |
| *al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER OF DISMISSAL

This case was filed as a civil rights action by a Texas state prisoner pursuant to 42 U.S.C. § 1983.

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A.   Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee or proceeds as a pauper.  *Ruiz v. United States*, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam), *cert. denied*, 527 U.S. 1041 (1999).  Plaintiff's *pro se* complaint must be read indulgently, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Applying these standards, Plaintiff's claims against Defendants are dismissed for failure to state cognizable § 1983 claims and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

## I.   JURISDICTION.

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  Upon consent of the Plaintiff (D.E. 6), this case was referred to the undersigned United States magistrate judge to conduct all further proceedings, including entry of final judgment. (D.E. 11).  *See* 28 U.S.C. § 636(c).

## II.   PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS.

Plaintiff is currently a pretrial detainee confined at the Bee County Jail in Beeville, Texas.   On February 23, 2015, Plaintiff and his brother, Orlando, filed an original complaint with this Court, Civil Action No. 2:15-cv-099, challenging as unlawful their December 15, 2014 arrest by Bee County law enforcement authorities.  (D.E. 1).

On March 30, 2015, Plaintiff testified that he wanted to proceed with his claims against Defendants, and he was instructed that he must do so independently from his brother.  *See* Rule 11, Fed. R. Civ. P.  Plaintiff's action was assigned the instant cause number.

On June 5, 2015 a *Spears*[1] hearing was held, following which, Plaintiff was given an extension of time to file an amended complaint.  (D.E. 18).

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

On June 29, 2015, Plaintiff filed his first amended complaint. (D.E. 19). The following allegations were made in Plaintiff's original complaint (D.E. 1), amended complaint (D.E. 19), or at the hearing:

On December 15, 2014, Plaintiff was driving a vehicle while his brother rode as passenger on a residential street in Beeville, Texas. Plaintiff approached an intersection and stopped the vehicle. Approximately twenty yards away, Plaintiff observed a police cruiser driven by Sergeant John Berry. Sergeant Berry attempted to execute a routine traffic stop. However, according to Plaintiff, Sergeant Berry approached Plaintiff's vehicle at a high rate of speed with his sirens on. Plaintiff believed he was in "imminent danger" due to the speed at which Sergeant Berry was driving, and to avoid injury to himself and brother, Plaintiff drove away. Thereafter, Sergeant Berry called for assistance stating that he was involved in a chase. Additional Beeville Police Department officers joined in the pursuit of Plaintiff, as well as deputies with the Bee County Sheriff's Office. The car chase proceeded from one end of west Beeville to the other, with law enforcement converging at Corpus Christi Street. At that point, Plaintiff turned his vehicle into a field and crashed into a fence. Plaintiff and his brother then exited the car and began running from the officers on foot. Plaintiff was tased and tackled by officers, and then arrested.

Plaintiff was charged with evading arrest with a motor vehicle. It was also alleged that Plaintiff and his brother had tossed guns and cocaine from the vehicle during the chase, and they were charged with tampering with physical evidence, as well as

possession of controlled substance.  Plaintiff was also charged with unlawful possession of a firearm by a felon and with violating his parole.

Plaintiff is suing Sergeant Berry alleging that he "disregarded his duty of care when he failed to operate his authorized emergency vehicle with the appropriate regard for the safety of all others."  In particular, Plaintiff claims that Sergeant Berry failed to reduce his car speed when he approached Plaintiff at the intersection and this allegedly caused Plaintiff to "act out of necessity to avoid imminent harm," thus setting the entire chain of events in motion.  Plaintiff claims as a consequence of Sergeant Berry's disregard of his duties, Plaintiff suffered unspecified mental and physical damages. Plaintiff is also suing the Beeville Police Department for the allegedly unconstitutional actions of Sergeant Berry.

## III.   LEGAL STANDARD.

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law.  *Nelson v. Campbell*, 541 U.S. 637, 643 (2004).  To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988).  A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

"Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir. 1983).   There is no vicarious or

*respondeat superior* liability of supervisors under section 1983.  *Thompkins v. Belt,* 828 F.2d 298, 303-04 (5th Cir. 1987).  *See also Carnaby v. City of Houston,* 636 F.3d 183, 189 (5th Cir. 2011) (the acts of subordinates do not trigger individual § 1983 liability for supervisory officials).  For a supervisor to be liable under § 1983, the plaintiff must show that (1) the supervisor failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the constitutional violation; and (3) the failure to train or supervise amounts to deliberate indifference to the plaintiff's constitutional rights. *Roberts v. City of Shreveport,* 397 F.3d 287, 292 (5th Cir. 2005). Establishing a supervisor's deliberate indifference generally requires a plaintiff to demonstrate "at least a pattern of similar violations."  *Rios v. City of Del Rio, Tex.,* 444 F.3d 417, 427 (5th Cir. 2006) (citations omitted).

Regardless of whether a plaintiff has properly exhausted his administrative remedies, his action may be dismissed for failure to state a claim upon which relief can be granted.  42 U.S.C. § 1997e(c)(2).  An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief.  *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002).  The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed.  *Id.*

## IV.    DISCUSSION.

### A.    City of Beeville.

Plaintiff has named the Beeville Police Department as a Defendant.  (D.E. 19). However, a department of a municipality is not a "person" for purposes of § 1983

liability, and is therefore not an appropriate party. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991). For purposes of § 1915A screening, it will be assumed that Plaintiff intended to sue the City of Beeville for the alleged constitutional violations of Sergeant Berry.

A city will be liable for the constitutional violations of its employees only if the alleged constitutional deprivations resulted from municipal policy. *Monell v. Dep't of Social Services*, 436 U.S. 658, 694 (1978). *See also Zarnow v. City of Wichita Falls, Texas*, 614 F.3d 161, 166 (5th Cir. 2010) (noting that a municipality may not be subject to liability merely for employing a tortfeasor; liability requires deliberate action attributable to the municipality that is the direct cause of the alleged constitutional violation). Liability of a municipality under § 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose "moving force" is the policy or custom. *Monell*, 436 U.S. at 694; *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). An "official policy" may be either a written policy or "a persistent widespread practice of [municipal] officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Lawson v. Dallas County*, 286 F.3d 257, 263 (5th Cir. 2002) (quoting *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir.1984) (en banc)). There must be a link between the policy and the constitutional violation, and the policy must be maintained with an objective deliberate indifference to a constitutionally protected right. *Id.* at 264. An isolated

incident is not sufficient to show a custom. *Bennett v. City of Slidell*, 728 F.2d 762, 768 n. 3 (5th Cir. 1984) (en banc), *cert. denied*, 472 U.S. 1016 (1985).

In this case, Plaintiff fails to offer any evidence to suggest that an official policy or custom of the City of Beeville promoted, encouraged, or authorized Sergeant Berry or any other arresting officer to violate Plaintiff's constitutional rights.  Plaintiff does not suggest that the City of Beeville has an official policy regarding high-speed police pursuits, but instead, that the matter is left to the discretion of the individual officer. Indeed, Plaintiff claims that Sergeant Berry "disregarded his duties," acknowledging that the City itself holds its police officers to a certain standard of conduct.  Nothing in the facts presented indicates that Beeville has a history or pattern of conducting high-speed chases that end in traffic accidents.

Moreover, in light of Plaintiff's own recitation of the facts of this case, it is obvious that Plaintiff's own actions necessitated the countermeasures employed by the Beeville police officers to stop him from fleeing.  The courts have routinely sided with law enforcement officials to uphold as reasonable measures to bring high-speed chases to an end.  *See e.g. Plumhoff v. Rickard,* 134 S. Ct. 2012, 2021 (2014) (police officers acted reasonably under Fourth Amendment in using deadly force to terminate a dangerous high speed chase); *Scott v. Harris*, 550 U.S. 372, 386 (2007) (police officer's actions to terminate high speed chase reasonable even when innocent bystanders placed at danger); *Thompson v. Mercer,* 762 F.3d 433 (5th Cir. 2014) (sheriff's action of firing assault rifle directly into suspect's truck did not amount to excessive force).  Similarly, the courts have found the use of tasers to be a reasonable use of force policy in the context of

responding to fleeing felons.  *See e.g. Poole v. City of Shreveport,* 691 F.3d 624, 629 (5th Cir. 2012) (arrestee or suspect who refuses to comply with officers' commands poses an immediate threat to the safety of the officers such that use of force is not clearly excessive); *Wilson v. Stachura,* 2012 WL 4602756 (S.D. Miss. Oct. 1, 2012) (unpublished) (officers' tasing of plaintiff during arrest did not amount to excessive force where plaintiff fled from officers and resisted efforts to arrest him).  *Cf.* S*ingleton v. Darby,* No. 14-40040, 2015 WL 2403430 (5th Cir. May 21, 2015) (deputy sheriff did not use excessive force when he pepper-sprayed protester who refused to obey orders).  That is, neither the high speed chase nor tasing of Plaintiff was unreasonable under the facts as stated by Plaintiff and as such, cannot amount to an unconstitutional policy or procedure by the City of Beeville.  Plaintiff fails to state a constitutional claim against the City.

## B.    Sergeant Berry.

Plaintiff has sued Sergeant Berry for the initial traffic stop alleging that he breached his duty of care when he approached Plaintiff's vehicle at a high rate of speed causing Plaintiff to feel he was in "imminent danger" such that Plaintiff felt it necessary to drive off at a high rate of speed.

Plaintiff is attempting to argue that he has a constitutional right to be approached at a traffic stop in a manner that will not frighten him and/or cause him to take off from that stop at a high-rate of speed.  However, it is common for police officers making a traffic stop to engage both their siren and lights to attract the attention of the driver they are attempting to pull over and stop.  *See e.g. Castillo v. City of Corpus Christi, Tex.,* 2012 WL 1308992, *6 (S.D. Tex. Apr. 16, 2012) (unpublished) (J. Ramos) (noting that

when a police officer uses lights and siren it is a "signal" to driver of vehicle to pull over).  Indeed, the failure to stop when signaled presents probable cause justifying detention and arrest.  *United States v. Lee,* 188 Fed. Appx. 326, 328 (5th Cir. 2006) (citing Tex. Penal Code § 38.04).  Plaintiff's attempt to justify evading Sergeant Berry's stop based on his alleged "fear" does not state a constitutional violation and, given the rest of the events that followed, appears to be a fanciful and frivolous explanation at best.

Moreover, Plaintiff has failed to allege that he suffered anything more than a *de minimis* injury as a consequence of Sergeant Berry's actions.  He has complained of nonspecific physical and mental damages, but he does not identify how he was injured, what injuries he allegedly sustained, what medical treatment he received, and what treatment he continues to need.  Without more, Plaintiff has failed to allege a valid constitutional violation.  *See Wilkins v. Gaddy,* 559 U.S. 34, 37-38 (2010) (noting that absence of serious injury is not irrelevant to an Eighth Amendment inquiry).

Plaintiff has failed to state a cognizable constitutional claim against Sergeant Berry, and accordingly, his claims against this Defendant are dismissed with prejudice.

## V.    CONCLUSION.

For the reasons stated herein, Plaintiff's lawsuit is dismissed with prejudice for failure to state a claim and/or as frivolous pursuant to pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).  All other pending motions are denied as moot.  In addition, this dismissal meets the requirement of a "strike" for purposes of 28 U.S.C. § 1915(g), and therefore, the Clerk of the Court is instructed to send notice of this dismissal

to the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson,

Tyler, Texas, 75702, Attention: Betty Parker.

     ORDERED this 6th day of August, 2015.

                              Jason B. Libby
                      United States Magistrate Judge